UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES DIDIER CALIXTE,

                    Plaintiff,

          -against-

MTA NEW YORK CITY TRANSIT
Metropilitan Transportation Authority,

                    Defendant.

24-CV-8436 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*, asserting claims arising from his arrest in Kings County, New York. By order dated March 10, 2025, the Court directed the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York.[1] On March 31, 2025, the transferee court acknowledged receipt of this action.

After the action in the Southern District of New York was closed, on April 9, 2025, Plaintiff filed a "motion to strike" (ECF 16) that is now before the Court. Plaintiff argues that he is entitled to entry of a default judgment because Defendant defaulted by failing to timely answer his summons. Plaintiff references his December 2024 applications seeking entry of default judgment (ECF 5-6), which he filed prior to transfer. Plaintiff's motion to strike can be liberally construed as a motion seeking reconsideration of the transfer order, in order to restore jurisdiction to this Court and enter default judgment in his favor. For the reasons set forth below, the Court denies the motion.

---

[1] The Court noted in the transfer order, among other things, that no summons would issue from this court. (ECF 13 at 3.)

**DISCUSSION**

The transfer of a case generally divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction only in limited situations, such as where the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court," *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995), or where "the question . . . is whether the district court had power to order the transfer," *Farrell v. Wyatt*, 408 F.2d 662, 664-65 (2d Cir. 1969).

Here, Plaintiff's motion to reconsider transfer was made after receipt of the action by the clerk of the transferee court. Moreover, Plaintiff makes no sufficient argument that this Court lacked power to order the transfer. Plaintiff's motion for reconsideration of the transfer order must therefore be denied because the transfer of this action divests this Court of jurisdiction to act in this matter. Because this action is closed, the Court could not enter a default judgment even if it was warranted. For Plaintiff's benefit, however, the Court notes that no summons from this court had ever issued and therefore Defendant was not, as of the time of the transfer order, required to file any answer or other pleading.

**CONCLUSION**

Plaintiff's motion to strike (ECF 16) is denied, and the Court directs the Clerk of Court to terminate the motion. This action remains closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

2

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 30, 2026
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge